## GEORGE WOHLERS v. A. HAHN.[1]

February 16, 1923.

No. 23,198.

Driver of coal wagon crossing street at forbidden place guilty of contributory negligence.

The admitted facts conclusively established contributory negligence on the part of plaintiff, and the court ruled correctly in directing judgment for defendant.

Action in the district court for Ramsey county to recover $5,000 for injuries caused by defendant's careless driving of his automobile. The case was tried before Hanft, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony his motion for a directed verdict, and a jury which returned a verdict for $1,545. Defendant's motion for judgment notwithstanding the verdict was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Tautges & Wilder*, for appellant.

*Sexton, Mordaunt & Kennedy*, for respondent.

[1]Reported in 192 N. W. 101.

TAYLOR, C.

Defendant driving a Ford touring car eastward on University avenue in the city of St. Paul collided with plaintiff's coal wagon which was crossing the avenue at the west end of the bridge over the railroad tracks at the Minnesota Transfer. Plaintiff sued for damages and recovered a verdict. The court gave judgment for defendant notwithstanding the verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff appealed.

University avenue is a wide street running east and west and is one of the principal thoroughfares between the business district of the city of St. Paul and the city of Minneapolis. The traffic over it is heavy at all times. Interurban street cars are operated over it on double tracks. A bridge about 60 feet in width, including sidewalks, carries the traffic over the railroad tracks at the Minnesota Transfer. This bridge is nearly in the center of the street, but does not occupy the full width of the street. Between the south line of the bridge and the south boundary of the street there is a roadway which descends from the level of the street at the west end of the bridge to the level of the railroad tracks beneath the bridge where it connects with Montgomery street and where a coal yard and barns are located. The west end of the bridge is about 300 feet east of Vandalia street, the first cross street to the west. An ordinance of the city forbids the driver of any vehicle to turn it around on any street, or to cross with it from one side of the street to the other, except at a cross street.

Plaintiff had been engaged in delivering coal with a team and coal wagon for some months prior to the accident. The accident occurred December 2, 1920. Plaintiff had made his last delivery for the day and was returning to the barn with his empty wagon about half past 6 in the evening. He drove west along the north side of University avenue to the west end of the bridge over the railroad tracks where he stopped while a street car going east on the eastbound track and an automobile passed him. He then turned to the left for the purpose of crossing to the south side of the street and there turning to the left into the roadway leading to the coal yard

and barns. As he started to turn he looked to the east and the west and saw that the street was clear for a block to the west. He proceeded at a walk and had crossed both the westbound and eastbound street car tracks, and the front wheels of his wagon were nearly in line with the sidewalk on the bridge, when defendant's automobile, coming from the west, struck his right front wheel, crushing it so that the end of the axle dropped to the ground. Plaintiff was thrown from his seat and fell between the horses to the pavement. The accident occurred about two hours after sunset on a dark cloudy night. There was a street light at Vandalia street and another on the south side of the bridge a short distance east of the place of the accident. Plaintiff carried no light. Defendant says that his lamps threw a light 25 or 30 feet in front of his car, but claims that he was watching the right hand side of the street and did not see plaintiff's team until within 15 feet of it. Plaintiff admits there was nothing to obstruct his view to the west and nothing to distract his attention, but that he did not look after starting to turn and did not see defendant's automobile or know that it was approaching until he heard the crash.

Plaintiff was familiar with the situation, having traveled the street daily for months. He knew that the automobile travel over this street was heavy and that he carried no light to warn other travelers of his presence. He crossed the street at a place forbidden by the ordinance and where other travelers would not be expecting such a movement. If he chose to take the chance of crossing at that place under such circumstances, it was his duty to be alert and vigilant both for his own protection and to avoid endangering others. Instead of being watchful for the purpose of guarding against collision with other vehicles, he did not even look to see if other vehicles were approaching. The undisputed facts justified the trial court in ruling that his own negligence precluded him from recovering.

Judgment affirmed.

DIBELL, J. (dissenting.)
I dissent.

The plaintiff turned to the left in the usual way to go to the street below.  He looked to the west a block and there was no traffic approaching.  He was not negligent in making the turn.  If he was negligent it was because he did not take a further look instead of directing his attention to getting into the street below.  It is doubtful, whether a further look would have helped him.  He was not bound to anticipate that one approaching from the west would be negligent of his safety.  In my judgment it should not be held that the facts are so clearly against him that his negligence is established as a rule of law.  The case was clearly put to the jury by the court and its composite judgment on the facts should stand.